IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN BAILEY and FRANK DUNN
on behalf of themselves and all
others similarly situated,

    Plaintiffs,

v.                               No.   8:01-CV-53-T-23EAJ

GULF COAST TRANSPORTATION, INC.       COLLECTIVE ACTION
and NANCY CASTELLANO

    Defendants.
_____/

## PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION AND REQUEST FOR HEARING PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 65(A)

Pursuant to Federal Rule of Civil Procedure 65(a) and Local Rule 4.06, plaintiffs hereby move this Court to hold a hearing on plaintiffs' motion, and after providing defendants with an opportunity to be heard, to enter Plaintiffs' Proposed Preliminary Injunction, which (1) orders reinstatement pursuant to 29 U.S.C. § 215(a)(3) for fourteen taxicab drivers whose employment relationship was terminated for joining this action, and (2) enjoins defendants pursuant to 29 U.S.C. § 215(a)(3) from taking any further retaliatory actions against the plaintiffs who have joined this action. Plaintiffs further request that this Court not require any security under Fed. R. Civ. P. 65(c) because this injunction is to maintain the status quo that existed upon the filing of the complaint and defendant will suffer no harm as a result of the court ordering reinstatement and enjoining further retaliation.



## RULE 3.01(g) CERTIFICATE

Plaintiffs' counsel certify that they have conferred with counsel for the defendants and have made a good faith effort to resolve the issues raised in this motion, but that they have been unable to agree with counsel for the defendants regarding the relief requested herein.

## CONCLUSION

For the reasons set forth in Plaintiffs' Memorandum in Support of Plaintiffs' Motion for a Preliminary Injunction and Request for Hearing Pursuant to Federal Rule of Civil Procedure 65(a), filed simultaneously herewith, Plaintiffs hereby move the Court to enter Plaintiffs' Proposed Order Granting Plaintiffs' Motion for Preliminary Injunction, also filed simultaneously with this motion.

Dated: January 24, 2001

Respectfully submitted,

_____
Sam J. Smith, FL Bar No. 0818593
(Trial Counsel)
Karen M. Doering, FL Bar No. 0060879
Stacey Klein Verde, FL Bar No. 153397
BURR & SMITH, LLP
442 West Kennedy Blvd., Suite 300
Tampa, FL 33606
813/253-2010
813/254-8391 (facsimile)

David Sockol, FL Bar No. 0818607
(Trial Counsel)
R. Mark Bortner, FL Bar No. 0087180
SOCKOL & ASSOCIATES, P.A.
111 Second Ave. N.E., Suite 1406
St. Petersburg, FL 33701
727/822-5200
727/821-5319 (facsimile)

ATTORNEYS FOR PLAINTIFFS

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiffs' Motion for Preliminary Injunction and Request for Hearing Pursuant to Federal Rule of Civil Procedure 65(a) has been served via Federal Express this 24th day of January 2001 to:

> Thomas C. Garwood
> Lori R. Benton
> Ford & Harrison, LLP
> 815 N. Garland Ave.
> Orlando, FL 32801

and via hand-delivery to:

> Arnold D. Levine
> 100 S. Ashley Drive
> Suite 1600
> Tampa, Florida 33601

_____
Attorney

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN BAILEY and FRANK DUNN
on behalf of themselves and all
others similarly situated;

    Plaintiffs,

vs.                                                      No. 98-233-CIV-T-24A

GULFCOAST TRANSPORTATION, INC          COLLECTIVE ACTION
and NANCY CASTELLANO;

    Defendants.
_____/

## PROPOSED ORDER GRANTING PLAINTIFFS' PRELIMINARY INJUNCTION

This action is before the Court on the "plaintiffs' motion for a preliminary injunction." (Dkt. ___). On January 10, 2001, plaintiffs John Bailey and Frank Dunn filed this proposed collective action lawsuit alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) against defendants Gulf Coast Transportation, Inc, ("Gulf Coast") and Nancy Castellano ("Castellano"), seeking to recover unpaid minimum wage compensation. (See Plaintiffs' First Amended Complaint, Dkt ___). Along with the complaint, the plaintiffs filed twenty-three consent to join forms for opt-in plaintiffs, including fourteen consents filed by taxicab drivers who were working for Gulf Coast when the suit was filed. Within a week of the filing of this action, Gulf Coast terminated the contracts of all fourteen taxicab drivers who were working for Gulf Coast when the suit was filed. In their motion for preliminary injunction, the

plaintiffs request that thirteen drivers[1] be reinstated to their taxicab driver positions and ask this Court to enjoin further retaliatory acts.

In the Eleventh Circuit, in order for a moving party to be entitled to the issuance of a preliminary injunction, he must show that: (1) there is a substantial likelihood that he will ultimately prevail on the merits; (2) he will suffer irreparable injury unless the injunction is issued; (3) the threatened injury to the movant outweighs whatever injury the proposed injunction may cause to the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.[2] The plaintiffs have fulfilled the four requirements to justify a preliminary injunction. First, the plaintiffs have demonstrated that there is a substantial likelihood that they would prevail on the merits of their retaliation claims. The defendants' conduct toward the plaintiffs and opt-in plaintiffs is offensive and reprehensible. There is clearly significant evidence to demonstrate that the defendants terminated the taxicab drivers because of their participation in this lawsuit.

The plaintiffs have also demonstrated that they have a substantial likelihood of prevailing on their claim that they are employees subject to the minimum wage provisions of the FLSA.[3] Drivers have very little meaningful control over their "business," particularly the ability to control profit and loss (the company sets the drivers' maximum fare rate and unilaterally may raise the drivers' "lease" rate). The drivers cannot operate their taxicabs independent of Gulf

---

[1] Former plaintiff Vaccaro withdrew his consent to join form in consideration for being reinstated by Gulf Coast. See Dkt. ____.

[2] Levi Strauss & Co. v. Sunrise International Trading, Inc., 51 F.3d 982, 985 (11th Cir. 1995); All Care Nursing Service v. Bethesda Memorial Hospital, Inc., 887 F.2d 1535, 1537 (11th Cir. 1989); Baker v. Buckeye Cellulose Corp., 856 F.2d 167, 169 (11th Cir. 1988).

[3] For the minimum wage provisions of the FLSA to apply, a taxicab driver must be found to be an employee of a cab company, rather than an independent contractor. Given the remedial purposes of FLSA, including eliminating low wages and long hours, an expansive definition of "employee" has been adopted by courts. Usery v. Pilgrim Equipment Company, Inc., 527 F.2d 1308, 1311 (5th Cir. 1976) cert. denied, 492 U.S. 826 (1976).

2

Coast because Gulf Coast owns the permits for operation. Drivers are subject to discipline that can include fines, suspension from driving in certain areas such as TIA, and termination. They have no control over the physical appearance of their vehicle and are required to meet the taxicab company's standards of personal appearance, behavior and cleanliness. Drivers are not allowed to advertise their services or even permitted to sell advertising space on their leased vehicles (although if the taxicab company chooses to sell advertising space on the vehicle, the driver cannot remove it). Taking the parties' business relationship as a whole, the plaintiff taxicab drivers are likely to prevail on the merits and be determined to be employees within the meaning of FLSA.

Second, plaintiffs have established that without this preliminary injunction, they would suffer irreparable harm as a result of defendants' conduct. As demonstrated by Joseph P. Vaccaro's withdrawal, dkt. ___, the defendants' conduct has clearly intimidated opt-in plaintiffs and potential opt-in plaintiffs into not exercising their legal rights under the Fair Labor Standards Act ("FLSA"). Without this preliminary injunction, not only will the plaintiffs continue suffering significant economic loss,[4] but also potential opt-in plaintiffs will be "chilled" from legally claiming what may be theirs under the minimum wage provisions of the FLSA. Such a "chilling" effect is the exact behavior that the FLSA sought to protect against.

Third, the threatened injury to the plaintiffs clearly outweighs any injury caused to the defendants by this preliminary injunction. As stated above, the plaintiffs would suffer continued economic loss. In addition, the defendants retaliatory actions are having a "chilling" effect on potential opt-in plaintiffs. The defendants, on the other hand, are unlikely to suffer any damage

---

[4] Although economic loss is insufficient alone to constitute irreparable harm, here the plaintiffs have established that the taxicab business is highly regulated making other employment difficult, if not impossible and have established that the defendants' actions are having a chilling effect on this litigation.

as a result of this injunction. There are no allegations that the taxicab drivers who were terminated caused any disruption in the company or violated any safety rules. In fact, reinstatement should benefit the defendants because the taxicab driver plaintiffs currently pay defendants a fee to work as taxicab drivers.[5]

Finally, this preliminary injunction is not adverse to the public interest. Enjoining the defendants from terminating or otherwise intimidating plaintiffs and potential opt-in plaintiffs in an effort to dissuade the taxicab drivers from exercising their legal rights is certainly in the public's best interest. The purpose of the FLSA is to protect workers from illegal working conditions. See Mitchell v. Robert DeMario Jewelry, Inc., 361 U.S. 288, 292, 80 S.Ct. 332 (1960). This preliminary injunction only furthers that purpose by preventing the defendants from obstructing the taxicab drivers' attempts to exercise their legal rights.

For the reasons stated below, the Court hereby orders the following injunctive relief for the plaintiffs:

1. The defendants shall immediately reinstate to the position of taxicab driver all of the taxicab drivers it terminated since January 10, 2001, who have either filed this lawsuit or filed a consent to join this case, including:

> John Bailey
> Kenneth Ayers
> Norberto Cartagena
> Mark Gutkin
> Thomas Kirkpatrick
> William G. McLaughlin, II
> William Mort
> Steven O'Farrell
> Ricardo Taylor
> Emmanoull Tountas
> Willaim P. Tranum

---

[5] Because I find that no harm will likely be incurred by defendants, this Court holds that no security is necessary pursuant to Fed. R. Civ. P. 65(c).

4

Joseph Vaccaro[6]
Srdjan Vasiljevic
Asfaw Wake

2. The defendants shall immediately cease all disparate treatment against taxicab drivers who are named plaintiffs or opt-in plaintiffs in this lawsuit because of their involvement in this lawsuit. Accordingly, the defendants shall not terminate any drivers' contract or provide a driver with any disparate treatment because of his or her involvement in this lawsuit, including but not limited to terminating the drivers' contracts, preventing the drivers from obtaining fares through Gulf Coast's dispatch system, terminating the drivers' permits at Tampa International Airport and/or increasing the drivers' lease rate because of the driers involvement in this lawsuit.

3. This injunction shall terminate at the conclusion of the trial on the merits of this action or upon an earlier date as ordered by this Court.

Accordingly, the plaintiffs' motion for preliminary injunction is granted.

ORDERED in Tampa, Florida, on _____, 2001.

_____
Steven D. Merryday
United States District Judge

---

[6] It is the Court's understanding that Mr. Vaccaro was reinstated in exchange for withdrawing his participation in this lawsuit. If he has not already been reinstated, then the company should reinstate him immediately. Mr. Vaccaro may also rejoin this lawsuit without fear of further reprisals.